UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**JOSEPH JORDAN, JR.**           :       **CIVIL ACTION NO. 2:13-cv-3294**
    **BOP #92752-020**                               **SECTION P**

**VERSUS**                       :       **JUDGE MINALDI**

**UNKNOWN**                      :       **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

Before the court is the application for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 filed by *pro se* petitioner Joseph Jordan, Sr. (hereafter, "petitioner"). Petitioner is an inmate in the custody of the Federal Bureau of Prisons, and he is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana. No defendants are named in this matter.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

*A.    Conviction and Appeal*

On September 25, 2007, petitioner was convicted in the Middle District of Georgia for multiple counts of filing false claims with a U.S. governmental department. *United Staes v. Jordan,* 5:05-cr-86, doc. 351 (M.D. Ga,, Macon Div., 2005). Petitioner appealed to the Eleventh Circuit but was unsuccessful.

On July 30, 2009, petitioner filed a petition for a writ of *audita querela*[1] in the Middle District of Georgia. *Id.* Magistrate Judge Mallon Faircloth denied the petition concluding that petitioner was impermissibly attempting to characterize his felony conviction as a civil financial transaction by basing his argument on the Uniform Commercial Code and utilizing the civil writ of *audita querela*. *Id.* at 2–3. Magistrate Judge Faircloth held that the relief sought by petitioner's motion was more properly characterized as a motion vacate under 28 U.S.C. § 2255, but that the time limit for filing such a motion had already passed. *Id.*

## B.   Claims

As best as the undersigned is able to discern, petitioner now claims that the United States Constitution is a "trust" that with the founding fathers as the "settlors," the Federal government as the "trustee," and the American people as the "beneficiaries." Doc. 4, pp. 6–7. Petitioner argues that the *res* of this trust consists of "all land, your person, possessions that you believe you own, and your physical body." *Id.* Petitioner seems to argue that his conviction is invalid because the federal government failed to fulfill its duties as trustee by imprisoning him. *Id.*

Additionally, much as he did in his writ of *audita querela* in the Middle District of Georgia, petitioner argues that his sentence is somehow invalid pursuant to the Uniform

---

[1] As explained by the Fifth Circuit in *United States v. Miller*:

> The writ of *audita querela* is a common law writ dating from the reign of Edward III that constitutes the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment on the ground that some defense or discharge has arisen since its rendition that could not be taken advantage of otherwise. . . . [A] writ of *audita querela* is used to challenge a judgment that was correct at the time it was rendered but which is made infirm by matters that arose after its rendition. . . . [The writ] can only be available where there is a legal objection to a judgment which has arisen subsequent to that judgment. Purely equitable grounds for relief do not justify the issuance of a writ of *audita querela*. Furthermore, the writ is only available [in a criminal case] where the legal objection raised cannot be brought pursuant to any other post-conviction remedy. This limitation follows from the reasoning . . . which allows relief pursuant to a writ of *audita querela* only where a gap exists in the system of federal post-conviction remedies.

*United States v. Miller*, 599 F. 3d 484, 487–88 (5th Cir. 2010) (citations omitted).

Commercial Code. *Id.* at 7. The reasoning behind this contention or how petitioner's conviction is even related to the Uniform Commercial Code is unclear.

Finally, petitioner contends that he has not submitted to the jurisdiction of the United States and is not a "Fourteenth Amendment citizen" of this country. *Id.* He claims that only those who "volunteer" to become subject to the jurisdiction of the United States are subject to the authority of the United States. *Id.*

As relief, petitioner seeks immediate release and $42,000,000.00 "for redemption."

## II. LAW AND ANALYSIS

Petitioner styles this action as an application for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. *Habeas corpus* petitions filed under 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Here, petitioner attacks the legality of his incarceration based upon the arguments listed *supra.* Doc. 4. Because petitioner is contesting errors occurring prior to or at sentencing, and not the manner in which the sentence is being executed, his claim is more appropriately raised in a motion to vacate pursuant to 28 U.S.C. § 2255. *Warren*, 230 F.3d at 694.

Petitioner may challenge the legality of his conviction by way of 28 U.S.C. § 2241 only to the extent that he satisfies the "savings clause" of 28 U.S.C. § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). This "savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

Petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). He must establish: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense; and (2) the claim was foreclosed by circuit law at the time when it should have been raised at trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Petitioner has failed to show that the remedies afforded by 28 U.S.C. § 2255 are ineffective or inadequate. He has not identified a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, nor has he shown that his present claims were foreclosed by circuit law at any time. The fact that the time limits have passed for petitioner to file a motion to vacate under § 2255 does not render the § 2255 remedy inadequate or ineffective. *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). Accordingly, the instant application for a writ of *habeas corpus* must be dismissed for lack of jurisdiction.

### III. CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that the application for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider petitioner's claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have 14 days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen 14 days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within 14 days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 18th day of March, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE